IN THE UNITED STATES DISTRICT COURT
FOR THE NORTERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Joan Semsker and Rodolfo Camacho-Rodriguez, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 09 C 4400 |
| Financial Recovery Services, Inc., a Minnesota corporation, | ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiffs, Joan Semsker and Rodolfo Camacho-Rodriguez, bring this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violation of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.  This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.  Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3.  Plaintiff, Joan Semsker ("Semsker"), is a citizen of the State of Florida, from whom Defendant attempted to collect a delinquent consumer debt for a Metris credit card, despite the fact that she was represented as to this debt by the legal aid

attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Plaintiff, Rodolfo Camacho-Rodriguez ("Camacho-Rodriguez"), is a citizen of the State New York, from whom Defendant attempted to collect a delinquent consumer debt owed for a Credit One Bank credit card, despite the fact that he was represented as to this debt by the legal aid attorneys at LASPD, in Chicago, Illinois.

5. Defendant, Financial Recovery Services, Inc. ("FRS"), is a Minnesota corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts. FRS operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.

6. Defendant FRS is licensed to conduct business in Illinois and maintains a registered agent here. <u>See</u>, record from the Illinois Secretary of State, which is attached as Exhibit <u>A</u>.

7. Defendant FRS is licensed as a collection agency in Illinois. <u>See</u>, record from the Illinois Division of Professional Regulation, which is attached as Exhibit <u>B</u>.

**FACTUAL ALLEGATIONS**

**Ms. Joan Semsker**

8. Ms. Semsker is a senior citizen with limited assets and income, who fell behind on paying her bills. One such debt she was unable to pay was a debt she owed for a Metris credit card. When Defendant FRS began trying to collect the Metris debt from Ms. Semsker, she sought the assistance of legal aid attorneys at the Chicago

Legal Clinic's LASPD program, regarding her financial difficulties and Defendant FRS's collection actions.

9. One of Ms. Semsker's attorneys at LASPD wrote a letter, dated April 14, 2009 to Defendant FRS, advising FRS that Ms. Semsker was represented by counsel, directing FRS to cease contacting Ms. Semsker, and directing FRS to cease all further collection activities, because Ms. Semsker was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit C.

10. Disregarding this letter, Defendant FRS sent Ms. Semsker a letter, dated May 5, 2009, demanding payment of the Metris debt. A copy of this collection letter is attached as Exhibit D.

11. Accordingly, on June 26, 2009, Ms. Semsker's LASPD attorney had to send Defendant FRS yet another letter, directing it to cease communications and to cease its collection attempts. Copies of this letter and fax confirmation are attached as Exhibit E.

**Mr. Rodolfo Camacho-Rodriguez**

12. Mr. Camacho-Rodriguez is a disabled man with limited assets and income, who fell behind on paying his bills, including a debt he owed for a Credit One Bank credit card. After Defendant FRS began trying to collect the Credit One Bank debt from Mr. Camacho-Rodriguez, he also sought the assistance of the legal aid attorneys at LASPD, regarding his financial difficulties and Defendant FRS's collection action.

13. One of Mr. Camacho-Rodriguez's attorneys at LASPD wrote a letter, dated June 13, 2008, to Defendant FRS, advising FRS that Mr. Camacho-Rodriguez

3

was represented by counsel, directing FRS to cease contacting him, and to cease all further collection activities, because Mr. Camacho-Rodriguez was forced, by his financial difficulties, to refuse to pay his unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit F.

14. Disregarding his representation by counsel, Defendant FRS sent Mr. Camacho-Rodriguez a collection letter, dated August 28, 2008, demanding payment of the debt at issue. A copy of this collection letter is attached as Exhibit G.

15. Accordingly, on September 30, 2008, Mr. Camacho-Rodriguez's LASPD attorney sent Defendant FRS yet another letter, directing it to cease communication and to cease its collection attempts. Copies of this letter and fax confirmation are attached as Exhibit H.

16. All of the collection actions at complained of herein occurred within one year of the date of this Complaint.

17. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

18. Plaintiffs adopt and reallege ¶¶ 1-17.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

4

20. Defendant FRS knew that Ms. Semsker and Mr. Camacho-Rodriguez were represented by counsel in connection with their debts because the attorneys at LASPD had informed Defendant, in writing, that they were represented by counsel, and had directed Defendant to cease directly communicating with Ms. Semsker and Mr. Camacho-Rodriguez. By directly calling Ms. Semsker and Mr. Camacho-Rodriguez, despite being advised that they were represented by counsel, Defendant FRS violated § 1692c (a)(2) of the FDCPA.

21. Defendant FRS's violation of § 1692c(a)(2) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Collections

22. Plaintiffs adopt and reallege ¶¶ 1-17.

23. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

24. Here, the letters from Ms. Semsker's and Mr. Camacho-Rodriguez's LASPD attorney told Defendant FRS to cease communications and them and that they refused to pay the debts. By continuing to communicate regarding these debts and demanding payment, Defendant FRS violated § 1692c(c) of the FDCPA.

25. Defendant FRS's violation of § 1692c(c) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## FRSYER FOR RELIEF

Plaintiffs, Joan Semsker and Rodolfo Camacho-Rodriguez, pray that this Court:

1. Find that Defendant FRS's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiffs, Semsker and Camacho-Rodriguez, and against Defendant FRS, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiffs, Joan Semsker and Rodolfo Camacho-Rodriguez, demand trial by jury.

        Joan Semsker and Rodolfo Camacho-Rodriguez,

        By: /s/ David J. Philipps_____
        One of Plaintiffs' Attorneys

Dated: July 22, 2009

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com